# SAUERS MILLING COMPANY *v.* KEHLOR FLOUR MILLS COMPANY.

TRADEMARKS; ASSIGNMENTS; ABANDONMENT; DESCRIPTIVE CHARACTER.

1. An opposer of an application for the registration of a trademark has a right to rely, in the absence of anything in the record to the contrary, upon statements made under oath in the application respecting the date when the use of the trademark began.

2. An assignment of a trademark, and nothing more, being unaccompanied by the business or good will in which the trademark had been used, is ineffectual for any purpose except as evidence of an abandonment of the mark by the assignor, and confers upon the assignee no exclusive right to its use. (Citing *Jackson Corset Co.* v. *Cohen*, 38 App. D. C. 482.)

3. The word "Brilliant," used to designate bright flour as distinguished from the darker brands, and which is of a superior quality and considered of greater value, is of a descriptive character, and not entitled to registration as a trademark. (Citing *Re American Circular Loom Co.* 28 App. D. C. 446; *Re National Phonograph Co.* 29 App. D. C. 142; *Winchester Repeating Arms Co.* v. *Peters Cartridge Co.* 30 App. D. C. 505; *Natural Food Co.* v. *Williams*, 30 App. D. C. 348; *Battle Creek Sanitarium Co.* v. *Fuller*, 30 App. D. C. 411; *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428; *Re Central Consumers' Co.* 32 App. D. C. 523; *Re New South Brewery & Ice Co.* 32 App. D. C. 591; *Re Schweinfurter Pracisions-Kugel-Lager-Werke Fichtel & Sachs*, 38 App. D. C. 279.)

Patent Appeals. No. 820. Submitted January 14, 1913. Decided January 22, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents affirming a decision of the Examiner of Interferences dismissing an opposition to the registration of a trademark.                                            *Reversed.*

The COURT in the opinion stated the facts as follows:

The appellee, Kehlor Flour Mills Company, filed an application in the Patent Office for the registration of a trademark, consisting of the word "Brilliant" printed diagonally across a diamond-shaped background divided into quarters, with a large letter "K" printed in the middle of each quarter, the same to be used as a label, and by stamping, stenciling, printing, or otherwise impressing the same upon barrels, sacks, or other receptacles containing flour.

In this application the appellee stated that the trademark sought to be registered had been continuously used in the business of said corporation, and its predecessors, from whom it derived title, since about March 19, 1868.

Said application was verified by the affidavit of Peyton T. Carr, as president.

The appellee also filed an additional affidavit, sworn to by its president, in which it was recited that the appellee, on October 13, 1903, for valuable consideration, purchased and succeeded to all the accounts, bills receivable, choses in action, business, good will, brands, name, and trademarks of James B. M. Kehlor, and has continuously since that date conducted the business as his successor, and that included in said transfer and succession was the said trademark "Brilliant."

On the filing of this application and affidavits, publication was made under the order of the Commissioner of Patents, giving notice to any person who believed he would be damaged by the registration, to file his opposition within thirty days after the publication of the said notice; and thereupon the appellant filed notice of opposition.

The grounds given by the appellant for opposing the registration of the said mark were: First, because prior to the com-

mencement of use by the said Kehlor Flour Mills Company of the alleged trademark "Brilliant," as applied to wheat flour, the said Sauers Milling Company commenced to use, and has since continued to use, and has used for more than twenty-five years last past, the trademark named "Brilliantine," as applied to wheat flour; Second, because said alleged trademark "Brilliant," so applied, is descriptive of the goods in connection with which it has been applied by the said appellee, and being so descriptive, said appellee has not (by reason of the use by the Sauers Milling Company, for a period of twenty-five years last past, of the trademark named "Brilliantine") been in actual and exclusive use of the trademark "Brilliant," an equivalent word, for a period of ten years next preceding February 20, 1905; and, Third, because said alleged trademark "Brilliant," applied to wheat flour, is geographical.

The said Kehlor Flour Mills Company answered the said notice of opposition, the answer being duly verified by the president of the company. In this answer, the respondent admits that the said word "Brilliantine" so nearly resembles respondent's said trademark "Brilliant," as to be likely to be mistaken therefor by the public, and so nearly resembles the same as to be likely to cause confusion or mistake in the minds of the public, and to deceive purchasers; but it avers that the use of the word "Brilliant," as a trademark, by the respondent, was long anterior to the use of the word "Brilliantine" by the said Sauers Milling Company.

It denies that the word "Brilliant," as applied to wheat flour, is descriptive of the goods; and it denies that the Sauers Milling Company used the name "Brilliantine" for a period of twenty-five years last past, or for any period; and if it has used the name at all, it avers that it was an infringement and violation of the respondent's exclusive right in its trademark "Brilliant."

It also denies that the word "Brilliant," as applied to wheat flour, is geographical.

Further answering, the respondent avers that the word "Brilliant," as applied to wheat flour, is an arbitrary and meaning-

less word, not geographical or descriptive, and that it is a valid, technical trademark, and is the exclusive property of the respondent, and has been continuously used in the respondent's business, and in the business of its predecessors from whom it derived title, since about March 19, 1868, as stated in its application herein.

That respondent is the successor in business of James B. M. Kehlor, from whom it acquired title to said trademark, "Brilliant," he having used the said mark continuously upon flour of his own manufacture and selection, from June 25, 1878, until October 13, 1903, when the respondent company was organized and the mark transferred to it.

It refers to the registration of the trademark "Brilliant" to Jenkins & Hover, of Oswego, New York, No. 4518, April 3, 1877, and the assignment to James B. M. Kehlor, recorded in the Patent Office June 25, 1878, and registration to James B. M. Kehlor, No. 33,319, August 8, 1899.

In the testimony taken, William C. Ellis, of St. Louis, was examined. He had been a stenographer with said James B. M. Kehlor and with the appellee corporation; and in response to a question, on pages 93 and 94 of the record, he stated that said firm claims the use of the trademark since about March 19, 1868, and that that date was based on the Jenkins & Hover registration, in which they swore to use nine years prior to the date of their application.

In connection with his testimony, a copy of the assignment from Jenkins & Hover to James B. M. Kehlor was filed, as follows:

For value received, we hereby sell and assign to J. B. M. Kehlor, all our right, title, and interest in and to the trademark for flour, "Brilliant," said mark having been registered by us in the Patent Office of the United States, and certificate of such registration issued, numbered 4518, April 3, 1877, by the Commissioner of Patents.

(Signed)    Jenkins & Hover.

The Examiner of Interferences, in his opinion, holds that the evidence establishes the adoption of the mark by the Sauers Milling Company at least as early as 1874, and that Kehlor and his successors used the same since 1873.

He holds that there is not a particle of evidence in the case to show that Jenkins & Hover were using the mark in 1873, or that they ever used the mark at any time. That the statements in the Jenkins & Hover registration are not proof of actual use of the mark. He concludes that as the Kehlor Flour Mills Company adopted the mark as early as 1873, a year prior to any date established on behalf of the opposer, it follows that said company is entitled to prevail; and he decided that the word "Brilliant" is not descriptive, and not geographical; and he therefore dismissed the opposition, and adjudged that the Kehlor Flour Mills Company was entitled to register the mark.

On appeal to the Commissioner of Patents, the decision of the Examiner of Interferences was affirmed.

The Commissioner of Patents held that there is no evidence of the use of the mark by Jenkins & Hover prior to 1873. He held that the testimony shows that the mark in issue was first made by the firm of Alexander H. Smith & Company, between 1861 and 1869; that said company became bankrupt in 1869, and the property was sold under deed of trust, and purchased by Kehlor, Updyke, & Company. That company was succeeded by Kehlor Brothers, who in turn were succeeded by James B. M. Kehlor, and the latter was succeeded by the appellee, Kehlor Flour Mills Company.

The appellant filed a petition in the Patent Office, for a rehearing by the Commissioner, which was denied; and thereupon the appeal was taken to this court.

*Mr. Bruce S. Elliott* and *Mr. George W. Rea,* for the appellant:

1. This sale of the trademark to Kehlor, while it passed no title to Kehlor, amounted in law to an abandonment of the mark by Jenkins & Hover, and, as the Sauers Milling Com-

pany had been in the field at least four years with their mark, they must either be held to be alone entitled to registration of the mark, or Kehlor Flour Mills Company must be held to have no greater right to the mark than the Sauers Milling Company, and registration refused them. *Eiseman* v. *Schiffer,* 157 Fed. 473; *McMahon Pharmacal Co.* v. *Denver Chemical Co.* 113 Fed. 474; *Hegeman* v. *Hegeman,* 8 Daly, 1, 7; *O'Rourke* v. *Central City Soap Co.* 26 Fed. 576; *Mayer Fertilizer Co.* v. *Virginia-Carolina Chemical Co.* 35 App. D. C. 425; *Seubert* v. *A. Santaella & Co.* 36 App. D. C. 447.

2. The word "Brilliant," as applied to flour is descriptive, and registration should be refused the applicant on this ground. *Naylor* v. *Alsop Process Co.* 168 Fed. 911, 915; *Re Central Consumers Co.* 32 App. D. C. 523; *Worster Brewing Corp.* v. *Rueter & Co.* 30 App. D. C. 428, and *Re New South Brewery & Ice Co.* 32 App. D. C. 591.

*Mr. Frank F. Reed, Mr. Edward S. Rogers,* and *Mr. Francis M. Phelps,* for the appellee.

1. The word "Brilliant" is not a word that is in the trade descriptively applied to flour, and it is unknown as a description of flour. *Steele* v. *Richards,* 8 Biss. 398; *Price Co.* v. *Fyfe,* 45 Fed. 799; *International Food Co.* v. *Price,* 150 Off. Gaz. 827, 37 App. D. C. 137; *Royal Baking Powder Co.* v. *Raymond,* 70 Fed. 376, 85 Fed. 231; *Royal Co.* v. *Royal,* 122 Fed. 337; *Holt* v. *Wadsworth,* 41 Fed. 434; *Waterman* v. *Shipman,* 130 N. Y. 301, 29 N. E. 111; *Atlantic Milling Co.* v. *Robinson,* 20 Fed. 217; *Fairbank* v. *Luckel,* 102 Fed. 327; *Menendez* v. *Holt,* 128 U. S. 525.

2. If the "Brilliant" brand was originally local, it soon lost any local significance and became a mark indicating origin with Kehlor. *Siegert* v. *Gandolfi,* 149 Fed. 100, 103; *Metcalfe* v. *Brand,* 5 S. W. 773; *Hall* v. *Barrows,* 32 L. J. Ch. N. S. 548; *Gebbie* v. *Stitt,* 31 N. Y. Supp. 102; *Wotherspoon* v. *Currie,* L. R. 5 H. L. 508, 22 L. T. N. S. 260, 27 L. T. N. S. 392; *Richmond Nervine Co.* v. *Richmond,* 159 U. S. 293; *Rogers* v. *Rog-*

*ers & Spurr Co.* 11 Fed. 495, 499; *Filkins* v. *Blackman,* 13 Blatchf. 440, Fed. Cas. 4786.

3. The word "Brilliantine," as used by appellant, is not a trademark. *Amoskeag Mfg. Co.* v. *Trainer,* 101 U. S. 51; *Lawrence Mfg. Co.* v. *Tennessee Co.* 138 U. S. 537; *Beadleston & Woerz* v. *Cooke Brewing Co.* 74 Fed. 231; *Dennison Mfg. Co.* v. *Scharf Tag & Label Co.* (C. C. A. Sixth Circuit) 135 Fed. 623; *Royal Co.* v. *Sherrell,* 93 N. Y. 336; *Deering* v. *Whitman & Barnes,* 91 Fed. 376; *Stevens Linen Works* v. *Don,* 121 Fed. 171, affirmed in 127 Fed. 950; *Smith* v. *Smith,* 89 Fed. 486; *Humphreys Homeopathic Specific Co.* v. *Hilton,* 60 Fed. 756.

Mr. Justice BARNARD, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing of the appeal, in the place of Mr. Justice VAN ORSDEL, delivered the opinion of the court:

The appellant assigns, as reasons for the appeal, that the Commissioner of Patents erred in affirming the decision of the Examiner of Interferences; and that he erred in not holding said trademark to be used by others prior to and subsequent to its adoption by Kehlor Flour Mills Company; and that he erred in holding that there is no evidence of use of the mark by Jenkins & Hover prior to 1873; and that he erred in not holding that the Kehlor Flour Mills Company, by evidence of record in the United States Patent Office, had furnished evidence of the use of the mark by Jenkins & Hover prior and subsequent to the date of the adoption of the mark by said company; and that he erred in not holding that the Kehlor Flour Mills Company is estopped to deny use of the mark by Jenkins & Hover, prior to 1873; that he erred in not holding that Jenkins & Hover constructively abandoned the mark in 1878, and that said mark then became public property; and that the Sauers Milling Company, having established use since 1874, is entitled to continue such use, and to prevail in its opposition to the registration of the said mark. That he erred in not hold-

ing that the word "Brilliant," applied as a trademark to flour, is descriptive.

Counsel for the appellant contend that their client was entitled to rely upon the statements of the appellee made under oath, that Jenkins & Hover began the use of the trademark "Brilliant" as early as 1868. That they are entitled to assume that fact from the pleadings in this case, and that there is nothing in the record to contradict it.

Assuming that to be true, they contend that the assignment from Jenkins & Hover of the said trademark, to J. B. M. Kehlor, which was recorded in the Patent Office on June 25, 1878,. was invalid as an assignment, for the reason that an assignment of a trademark, and nothing more, being unaccompanied by the business or good will in which the trademark had been used, is ineffectual for any purpose except to be evidence of an abandonment of the mark by the assignor.

*Jackson Corset Co.* v. *Cohen,* 38 App. D. C. 482.

This court held, in the *American Stove Co.* v. *Detroit Stove Works,* 31 App. D. C. 306, that the registration of a trademark under the old trademark law, which was declared unconstitutional, is nevertheless evidence of the use of the trademark by the registrant; and the fact of that use in this case having been alleged by the appellee repeatedly, under oath, and their claims based upon it, it must be assumed that the opposer had a right to rely upon that fact in this case.

If the trademark "Brilliant" was used as early as 1868, by Jenkins & Hover, and their use of the same was not abandoned until 1878 by the assignment to Kehlor; and if no right to the use of the mark had been received by Kehlor under the said assignment, then the appellee could have had no exclusive right to the mark, or to have it registered under the application in this case, for the reason that the opposer was using the word "Brilliantine" as a trademark from 1874.

The facts claimed to be established by the appellant would make the mark free property, after its abandonment by said Jenkins & Hover; and the appellee, not being the exclusive user of the same, was not entitled to registration, and could not

prevent the opposer from continuing the use of the equivalent word "Brilliantine."

We are disposed to think that the contentions of the appellant in this respect are well founded, and that said Sauers Milling Company has the right to assume the facts as stated in the answer of the Kehlor Flour Mills Company, and in its application herein, to be true, in the absence of anything in the record to the contrary.

The purchase of the mill and other property by appellee's predecessor, from Alex. H. Smith & Company did not include the trademark of said firm, if any it had, and therefore adds nothing to appellee's title to exclusive use of the mark.

A second point strongly urged is that the word "Brilliant," which is the principal feature of this trademark, is not a word that is entitled to registration as a trademark, because of its descriptive character when applied to flour. The testimony shows that it indicates bright flour that shows up well, and is of a superior quality, as distinguished from the darker brands; and that the bright flour is considered of greater value, and more sought after by purchasers than the darker brands.

The dictionaries define the word as synonymous with bright or splendid, and when applied to flour, the evidence, as well as reason, would seem to indicate that it meant the bright, white product of the wheat flour, after the darker portions of the grain had been removed.

This court has had many cases before it where trademarks have been denied registration, because they were descriptive of the quality or character of the goods on which they were to be used.

In one of the latest cases, *Re Meyer Bros. Coffee & Spice Co.* 38 App. D. C. 520, this court held that a trademark for coffee, which consisted of a representation of a loving cup, in connection with the word "trophy," should be denied registration, because the mark was descriptive of the goods, in that it indicated them to be of a superior quality, by reason of the presentation of a prize or "trophy."

The authorities therein referred to, and others preceding them, are many. Among them are the following:

The word "standard," as applied to phonographs (*Re National Phonograph Co.* 29 App. D. C. 142); the word "self-loading," as applied to cartridges (*Winchester Repeating Arms Co. v. Peters Cartridge Co.* 30 App. D. C. 505); the words "shredded whole wheat," as applied to certain food preparations (*Natural Food Co. v. Williams,* 30 App. D. C. 348); the words "health food," as applied to bread, crackers, etc. (*Battle Creek Sanitarium Co. v. Fuller,* 30 App. D. C. 411); the word "sterling," as a trademark for ale, or for any other kind of goods (*Worster Brewing Co. v. Rueter & Co.* 30 App. D. C. 428); the words "circular loom," as applied to conduits and coverings for electrical conductors (*Re American Circular Loom Co.* 28 App. D. C. 446); the words "ball bearing," as describing the goods on which it was to be placed (*Re Schweinfurter Pracisions-Kugel-Lager-Werke Fichtel & Sachs,* 38 App. D. C. 279); the word "crystal," as applied to beer (*Re New South Brewery & Ice Co.* 32 App. D. C. 591); and the word "nextobeer," as applied to malt beverages (*Re Central Consumers Co.* (32 App. D. C. 523), were all held to be descriptive of the goods on which they were to be used; and whether they are true descriptions, or whether they are deceptive, can make no difference with reference to their constituting valid marks for registration. They must either be true, or they are deceptive, and would mislead the public, and for that reason would be refused registration.

Our review of the authorities, and consideration of this point, leads us to conclude that it was error not to hold the word "Brilliant," as applied to wheat flour, to be a word of description, and therefore not proper to be registered as a trademark. If it describes the flour of A as being bright, white, and of a superior or splendid quality, it must also describe the flour of B if of the same quality; and, being a word of description, any manufacturer of flour of the quality indicated by it has a right to use it.

We therefore conclude, on the whole case, that there is error

in this record, and that the decision of the Commissioner of Patents must be *reversed,* and the opposition sustained.

Mr. Chief Justice SHEPARD:

I concur in the opinion and judgment to the extent that "Brilliant," as applied to flour, is descriptive.

Petition for rehearing denied February 10, 1913.